# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| **JAMES JEFFERSON KENNER**, | 3:09-cv-00127-ECR-VPC |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| **J. MERCER**, *et al.*, | |
| Defendants. | January 26, 2011 |

This Report and Recommendation is made to the Honorable Edward C. Reed, Jr., Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is the District Court's remand (#52)[1] of this court's prior Report and Recommendation (#48).

The prior Report and Recommendation (#48) addressed defendants' motion for summary judgment (#34), to which plaintiff opposed (#40) and defendants replied (#41). In the prior Report and Recommendation (#48), the court declined to consider defendants' motion for summary judgment on plaintiff's due process claim in count two, due to its erroneous reliance on the omission of the count two due process claim from the list of claims permitted to advance, which was provided in the ordering language at the end of the court's screening order (#4).[2] Consideration of defendants' motion for summary judgment on plaintiff's due process claim in count two is the sole issue on remand. Therefore, the court's prior Report and Recommendation (#48) is ripe for consideration by the District Court, along with this second Report and Recommendation. The court has thoroughly reviewed the record regarding the due process claim in count two and recommends that defendants'

---

[1] Refers to the court's docket numbers.

[2] As the District Court notes in its Minute Order remanding the case: "The parties agree that the procedural due process claim in Count II of the complaint was not dismissed by the Screening Order (#4), although it appears that the Court omitted its finding of a colorable claim in the ordering language of the Screening Order (#4)" (#52).

motion for summary judgment on the due process claim contained within count two (#34) be granted

# I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff James Kenner ("plaintiff"), a *pro se* inmate, is currently incarcerated at Nevada State Prison ("NSP") in the custody of the Nevada Department of Corrections (#5, p. 1). However, plaintiff was incarcerated at the Northern Nevada Correctional Center ("NNCC") at the time of the alleged constitutional violations (#34, p. 2). Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983 (#5, p. 1). Plaintiff names as defendants Joseph Mercer, Randy Tice, Kenneth Gurries, Mary Babb, Jeffrey Wiley, Peter Garibaldi, and Shannon Moyle.[3] *Id.* p. 2-4. The court now relates the pertinent background and procedural facts related to plaintiff's due process claim in count two, as the prior Report and Recommendation contains a detailed description of the facts relevant to plaintiff's excessive force, failure to protect, and conspiracy claims (#48).

Plaintiff alleges violation of his due process rights in count one because he claims defendant Mercer "confined [him] to solitary confinement without a written notice of charges nor a hearing" (#5, p. 5). In count two, plaintiff claims his Fourteenth Amendment rights were violated when he "was punished without a proper written notice of charges nor a hearing, not only for conduct which was not mention [sic] in the complaint but for conduct which was not a violation of prison rules." *Id.* at 6. Plaintiff also accuses defendant Benedetti of violating his due process rights by "fail[ing] in his duty to investigate these criminal acts by these named c/o's stated in the adm. grievances process." *Id.* In count three, plaintiff states that his Fourteenth Amendment rights were violated, but does not state facts regarding the alleged violation. *Id.* at 7.

After screening plaintiff's complaint, the District Court dismissed with prejudice plaintiff's Fourteenth Amendment claims in counts one and three and his due process claim against defendant Benedetti in count two (#4, p. 3, 10, 12-13). The District Court found that "plaintiff has stated a colorable claim for a violation of his right to procedural due process in connection with the disciplinary hearing" in count two. *Id.* at 9. However, the District Court inadvertently omitted the due process claim from its list of claims permitted to advance included in the ordering language at

---

[3] Plaintiff also names as defendants Richard Hartman and James Benedetti, but the court dismissed claims against these individuals upon screening the complaint (#4, p. 13).

2

the end of the screening order. *Id.* at 13.

Defendants filed a motion for summary judgment on all remaining claims, including the due process claim in count two (#34). Defendants claim that NDOC officials issued a notice of charges in connection with the August 29, 2009 events, on October 15, 2008. *Id.* at 4. Defendants state that the delay in issuing and serving the notice of charges "was due to Mercer having left the NNCC for other employment." *Id.* Defendants attach Mercer's declaration to support this assertion (#34-2). Defendants allege that plaintiff signed the notice of charges on the day it was issued and they attach a copy of the notice of charges bearing plaintiff's signature and plaintiff's deposition testimony stating that he signed the notice of charges (#34-1, p. 29; #34-2, p. 16). The notice of charges included charges for disobedience, failure to follow rules and regulations, battery, and assault (#34, p. 12-13). Defendants explain that a preliminary hearing regarding the charges took place on October 15, 2008, and the follow-up disciplinary hearing occurred on November 13, 2008. *Id.* at 4-5. At the disciplinary hearing, plaintiff did not request substitute counsel, he was alerted to the possible criminal charges, and reminded of his right to remain silent. *Id.* at 5. The hearing officer found plaintiff guilty of disobedience and battery; "[h]owever, due to the late date at which [plaintiff] had been provided the Notice of Charges, [he] only received twenty one [sic] (21) months of disciplinary segregation as opposed to twenty-four (24) months." *Id.* at 13. Plaintiff also lost 240 days of good time credit. *Id.* at 5.

Plaintiff claims that the notice of charges provided to him violated Administrative Regulation ("AR") 707 because defendants did not use Form 3017 as required by the regulation; instead, they used a form printed from the NOTIS system (#40, p. 1). Plaintiff believes that the NOTIS system employed by the NDOC may be "used for tracking and analyzing information only and is no substitute for D.O.C. form #3017." *Id.* at 2. In support of this assertion, plaintiff attaches an unauthenticated copy of two pages of AR 707 and a sample of Form 3017. *Id.* at 6-7, 9. The copies of the AR do not bear a printed date, but plaintiff wrote in the following note at the bottom of the copied pages: "Dated, 5-8-2008." *Id.* at 6-7. Plaintiff also states that the notice of charges violates AR 707 because the regulation requires the signature of the reporting employee and defendant Mercer did not sign the form. *Id.* at 1, 7.

In their reply, defendants note that plaintiff's reliance on the version of AR 707 he provided to the court is "misplaced as he has referred to an AR 707 which ha[s] been superseded several time before the August 29, 2008, incident (#41, p. 3). Defendants state that the relevant version of AR 707 became effective on July 14, 2008. *Id.* at 3. Defendants attach an authenticated copy of the regulation (#41-2). Defendants comment that this error is notable because the relevant version of the regulation no longer has a section addressing notice of charges requirements (#41, p. 3; *see also* #41-2). Further, defendants argue that plaintiff's signature on the notice of charges proves that he received it. *Id.* at 5. Additionally, plaintiff was not denied an opportunity to prepare a defense; rather, plaintiff did not request a counsel substitute and chose not to make a statement or to provide any witnesses. *Id.* Ultimately, plaintiff was found guilty of disobedience and battery and his term in disciplinary segregation reflected the tardiness of the filing of his notice of charges. *Id.*

The court notes that the plaintiff is proceeding *pro se*. "In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION & ANALYSIS

**A.  Discussion**

**1.  Summary Judgment Standard**

Summary judgment allows courts to avoid unnecessary trials where no material factual disputes exist. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). The court grants summary judgment if no genuine issues of material fact remain in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court must view all evidence and any inferences arising from the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). However, the Supreme Court has noted:

> [W]e must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the

merits, he cannot prevail at the summary judgment stage. *Beard v. Banks*, 548 U.S. 521, 530 (2006). Where reasonable minds could differ on the material facts at issue, however, summary judgment should not be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

The moving party bears the burden of informing the court of the basis for its motion, and submitting evidence which demonstrates the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing that there exists a genuine issue for trial. *Anderson*, 477 U.S. at 248. Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

**B.    Analysis**

Defendants argue that they provided plaintiff the procedural due process he was owed by serving him with a notice of charges and subsequently providing him with a disciplinary hearing at which he was advised of the possibility of the forfeiture of stat time, alerted to the criminal charges levied against him, and warned about his right to remain silent (#34, p. 13). Further, defendants state the plaintiff mistakenly premises his due process arguments on a superseded version of AR 702 (#41, p. 3). Plaintiff alleges that defendants failed to use the proper form for the notice of charges and that defendant Mercer, the charging officer, failed to sign the notice of charges (#40, p. 1-2). Plaintiff believes this offenses violated AR 702 and deprived him of his due process rights. *Id.* at 2.

**1.    Procedural Due Process**

The Due Process Clause of the Fourteenth Amendment protects individuals from arbitrary government action by prohibiting states from depriving people of "life, liberty, or property without due process of law." U.S. Const. amend. XIV. In order to prevail on a claim of deprivation of liberty without due process of law, a plaintiff must first establish the existence of a liberty interest.

5

After meeting this threshold requirement, the plaintiff must then demonstrate that defendants failed to provide the process due. *Wolff v. McDonnell*, 418 U.S. 539 (1974).

Liberty interests may arise from the Due Process Clause itself or from state law. *Hewitt v. Helms*, 459 U.S. 460, 466-68 (1983), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). Under *Sandin*, a factual comparison must be made between the conditions in general prison population and the challenged condition, "examining the hardship caused by the prisoner's challenged action in relation to the basic conditions of life as a prisoner." *Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003). There is no single standard for this comparison; instead, courts examine the "condition or a combination of conditions or factors" case by case. *Kennan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996). Specifically, courts consider three factors in undertaking this analysis: (1) whether the challenged sanction "mirrored those conditions imposed upon inmates in administrative segregation and protective custody" demonstrating that the prison acted within its discretionary authority; (2) the duration of the sanction; and (3) whether the sanctions will affect the length of the prisoner's sentence. *Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003).

Notably, *Sandin* did not alter the Supreme Court's ruling in *Wolff*, which held that state law creates a liberty interest in inmates' accumulation of good-time credits. *Wolff*, 418 U.S. at 556-57. Therefore, if an inmate challenges a prison's disciplinary action because it results in the forfeiture of his good-time credits thereby increasing the length of his sentence, a liberty interest is recognized under *Wolff* and *Sandin*. This liberty interest triggers the due process guarantees available to inmates under *Wolff*, including: (1) advanced, written notice of the charges; (2) no less than twenty-four hours between notice of the charges and the disciplinary hearing; (3) a written statement provided by the factfinders detailing the evidence relied upon and the reasons for disciplinary action; (4) the inmate's ability to call witnesses and to present evidence, provided such action does not compromise prison safety; and (5) the right to legal assistance if the legal issues are complex or the inmate is illiterate. *Id.* at 563-70.

In this case, plaintiff believes that defendants violated his due process rights in connection with a disciplinary hearing. At this hearing, plaintiff was found guilty of disobedience and battery, and as a result of these charges he lost 240 days of good time credit. As noted in *Wolff*, inmates have

a liberty interest in accumulation of good time credits; therefore, plaintiff has a liberty interest in the 240 credits he lost as a result of the disciplinary action taken against him. *Wolff*, 418 U.S. at 556-57. Given plaintiff's liberty interest in the good time credits, he is entitled to the due process guarantees articulated in *Wolff*. *Id.* at 563-70.

First, plaintiff must be provided with an advanced, written notice of charges. Plaintiff does not dispute that he was provided with a written notice of charges on October 15, 2008. In fact, plaintiff testified during his deposition to having signed the notice of charges on that date. Rather, plaintiff's chief complaints are that the notice of charges was on the wrong form and did not bear the signature of the charging employee, defendant Mercer. Plaintiff believes these requirements must be met according to an undated, unauthenticated version of AR 702 he provides to the court. However, defendants furnish the court with an authenticated version of AR 702, dated July 14, 2008, and effective during the events on August 29, 2008, giving rise to plaintiff's disciplinary charges. This applicable version of AR 702 does not mention any particular form that must be used for the notice of charges, nor does it state that the charging officer must sign the form. Plaintiff's provision of two pages of an undated, unauthenticated version of AR 702 does not raise a genuine issue of fact for trial. Further, defendants provide an affidavit from defendant Mercer stating that he prepared the report used to create the notice of charges against plaintiff; however, he left his position at NDOC prior to serving plaintiff with the notice of charges.[4] Therefore, the court finds that plaintiff received and signed a written notice of charges on October 15, 2008.

Second, the plaintiff has the right to receive the notice of charges at least twenty-four hours prior to his disciplinary hearing. In this case, plaintiff's disciplinary hearing occurred on November 13, 2008, nearly one month after plaintiff received his notice of charges.

Third, plaintiff has the right to receive a written statement from the factfinder detailing the information relied upon for the disciplinary charges and punishment. Plaintiff does not dispute that he was provided this information, and defendants attach the summary of the hearing officer's inquiry and disposition and the summary of the disciplinary hearing to their motion. The court notes that

---

[4] The court notes that the notice of charges was not given to plaintiff until nearly one and a half months after the events giving rise to the charges; however, plaintiff does not cite this delay as one of his due process concerns. Further, defendants accounted for the delay in plaintiff's sentence.

7

to the extent that plaintiff makes an argument that he was charged with crimes not mentioned in the notice of charges and not in violation of prison policies, the argument has no merit. The notice of charges includes charges for disobedience, failure to follow rules and regulations, battery, and assault. Ultimately, plaintiff was charged with disobedience and assault; therefore, it is clear that these offenses were included in the notice of charges and represent violations of prison policy.

Fourth, plaintiff has the right to call witnesses and to present evidence. Again, plaintiff does not argue that he was not afforded these rights, and the summary of the disciplinary hearing provided by defendants notes that plaintiff refused to make a statement.

Fifth, plaintiff has the right to substitute counsel for complex issues or if he is illiterate. Plaintiff does not contest his right to counsel and defendants' exhibits show that plaintiff declined substitute counsel.

Given the facts above, it is clear that plaintiff received the process he was due prior to the forfeiture of his good time credits. Therefore, the court recommends that defendants' motion for summary judgment on plaintiff's due process complaint within count two be granted.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that plaintiff fails to demonstrate any issues of material fact regarding defendants' deprivation of his due process rights related to his claims in count two. As such, the court recommends that defendants' motion for summary judgment on the due process claim contained within count two (#34) be **GRANTED**. The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion for summary judgment on the due process claim contained within count two (#34) be **GRANTED**.

**DATED:** January 26, 2011.

_____
**UNITED STATES MAGISTRATE JUDGE**